**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**AHMED AWAD** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-CV-374-DCB-BWR**

**RAFAEL VERGARA** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 9] of the United States Magistrate Judge entered herein on September 17, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that Ahmed Awad ("Petitioner")'s Petition [ECF No. 1] be dismissed without prejudice because Petitioner's pre-removal detention claims are now moot and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner, proceeding pro se, has timely filed objections to the Report by his deadline of October 1, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court

will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1], Petitioner's Objection to the Report [ECF No. 10], and the related filings. Upon consideration, the Court finds that Petitioner fails to point to any error of law or fact in the Report. Instead, Petitioner recites and re-urges arguments set forth in his Petition [ECF No. 1]. He states, "I respectfully request that you reconsider the Magistrate Judge's recommendation, and I hope you grant me a bond hearing." [ECF No. 10] at 1. Such generalized objections are insufficient; they merely repeat those Petitioner asserts in his Petition and do not equate to a substantive objection.

Petitioner further states in his Objection,

> I have been detained since October 2024, but when the Magistrate Judge reviewed my case, he disregarded those

> days and began counting my detention from the date of the Removal Order, August 27, 2026.

Id. This is not so. The Report states, "In October 2024, Petitioner entered the United States without being admitted or paroled." [ECF No. 9] at 1. Judge Rath then determined in his Report that Petitioner's removal order became administratively final on August 27, 2026. Id. at 3.

The finalization of Petitioner's removal order serves as a line delineation between Petitioner's pre-removal detention claims and any post-removal detention claim. Thus, because Petitioner is currently in the removal period under § 1231(a), his pre-removal detention claims, that is, any claim Petitioner pleaded prior to August 27, 2026, is now moot. Said another way, any pre-removal detention period challenge is moot because Petitioner is no longer in the pre-removal detention period. See Ex. A to [ECF No. 8-1]. See Vetcher v. Barr, 809 F. App'x 254, 255-56 (5th Cir. 2020) (holding petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order...[and] [t]he authority for his detention then shifted to 8 U.S.C. § 1231") (internal citations omitted); See also Agyei-Kodie v. Holder, 418 F.App's 317, 318 (5th Cir. 2011) (holding the removal order became final when the [BIA] dismissed the appeal and "[c]onsequently, [petitioner] is no longer detained

pursuant to § 1226, and his claims challenging his detention under that statute are moot.”).

Judge Rath further determined in his Report that any post-removal detention challenges are premature under the framework set forth in Zadvydas because Petitioner is still in the removal period requiring mandatory detention, and the six-month period of presumptively valid detention has not yet expired. The Court agrees. See Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2026)(“Zadvydas thus created a ‘6-month presumption’ of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention.”)(emphasis added); see also Agyei-Kodie v. Holder, 418 F. App’x 317, 318 (5th Cir. 2011) (holding that Petitioner “has not been in post-removal order detention longer than the presumptively reasonable six-month period set forth in Zadvydas. . . [c]onsequently, any challenge to his . . . post-removal-order detention is premature.”).

Lastly, Judge Rath’s determined that Petitioner’s claim regarding the conditions of his confinement is not cognizable in the present action. [ECF No. 9] at 6. The Court agrees. See Boyle v. Wilson, 814 Fed.Appx. 881, 882 (5th Cir. 2020)(holding a § 2241 habeas petition is not the proper vehicle for claims regarding the conditions of confinement).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 9] be, and the same hereby is, adopted as the finding of this Court. Consequently, Petitioner's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 8 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE